B. H. Campbell *et al.* v. George M. Grimes.

No. 11,658.    (64 Pac. 62.)

Riparian Rights — *Injunction.* A lower riparian proprietor may enjoin an upper one from diverting waters from the stream which the latter does not apply to some beneficial use but allows to run to waste.

Error from Clark district court; Francis C. Price, judge. Opinion filed March 9, 1901. *In banc.* Affirmed.

*Sutton, Scates & Driskell,* for plaintiffs in error.

*J. M. Grasham,* for defendant in error.

The opinion of the court was delivered by

DOSTER, C. J. : This was an action of injunction brought by the defendant in error as plaintiff against the plaintiffs in error to restrain the diversion of water from a stream on which the plaintiff was a lower, the defendants upper riparian proprietors. The injunction was made perpetual, wherefore the defendants have prosecuted error to this court.

From the pleadings, it would seem that the plaintiff based his right to the injunction upon some previous appropriation of the water by condemnation proceedings, had under some of the statutes relating to the subject of irrigation ; but the case was not tried wholly upon his right acquired under the statute, but also upon his common-law right independently of the statute ; and the terms in which the judgment of the court was rendered are comprehensive of his common-law as well as of his statutory right. It will not be necessary to consider the character or measure of right, if any, acquired by the plaintiff under the statutory condemnation proceedings. The evidence showed that the defendants in error, the upper riparian proprietors, first conducted water out of the stream through two ditches, and finally through a third one. No complaint was made of the diversion of the water through the first two ditches. The plaintiff conceded the right of the defendants to the exclusive use of such water as was conducted through those ditches. He complained only of the diversion of water through the last one, and the ground of his complaint was that the water diverted through that ditch was applied by the defendants to no substantial, beneficial use, but, on the contrary, that it was allowed to run to waste upon a sand-bar

and contiguous non-productive land. This claim was well supported by the evidence, and its truthfulness is included in the general findings and judgment of the court. What, then, is the law governing such case?

Some doubts may have existed in the ancient common law as to the right of an upper riparian proprietor to appropriate all of the water flowing through his land, whether necessary to his reasonable purposes or not; but there can be no doubt now that he has no right, as against a lower proprietor, to appropriate any more of the water of the stream than is needed for his own beneficial uses. The uniform holdings of the courts are that he has no such right, and upon the non-existence of such right plans for the equitable division of water among riparian proprietors have been devised by statute in all of the states where irrigation can be successfully practiced. (Kinney, Irr. §§ 165, 166.)

"Water is too precious an article in the arid region to be permitted to run to waste, and the great weight of modern authorities hold that where a person has diverted a certain portion of the waters of a stream, and permits part of the water, so diverted, to run to waste, or fails to use a certain portion of the water for some beneficial use or purpose, he can only hold that part of the water diverted which has been actually applied to some beneficial use; and his priority only extends to the quantity so used. Also, the authorities hold that there was no appropriation as to the water not used, and which ran to waste, but that the same might be subsequently appropriated and held by other parties, provided they took all the proper steps, and they themselves applied it to some beneficial use or purpose, the final test in all cases being whether all of the water diverted is actually applied to some useful or beneficial purpose." (Kinney, Irr. § 166.)

The judgment of the court below is affirmed.